WILLIS U. NIBLACK *v.* HARRISON S. NIBLACK, ETC.

**Deeds—Acknowledgment of Receipt of Consideration.**

An acknowledgment in a deed of receipt of the consideration recited therein is only prima facie evidence thereof, and may be over-

thrown by clear and satisfactory evidence that the consideration had not been paid.

### Evidence—Confessions or Admissions.

Confessions or admissions are the strongest evidence against the party making them if they are clearly established, the only weakness being in the evidence of confessions or admissions.

APPEAL FROM CLARK CIRCUIT COURT.

March 8, 1873.

OPINION BY JUDGE PETERS:

L. A. Niblack and wife in 1867 conveyed 100 acres of land in Clark County to their son, the appellant, for the consideration, as expressed in the deed, "of three hundred dollars cash in hand, and the natural love and affection that said parties have for their said son, etc., etc."

In 1868 L. A. Niblack, the grantor, died intestate, and administration was granted on his estate to appellant. This suit was brought by a part of the heirs of the intestate claiming the estate to be distributed against appellant, charging that he never paid the three hundred dollars, the money consideration, for the land to his father in his lifetime, and had failed and refused to account for the same since his death; and they pray that he be compelled to pay said sum of money to them.

Appellant in his answer denies the allegations of the petition, and avers that he paid the money to his father. On the trial of the issue thus made by the pleadings judgment was rendered by the court below against W. V. Niblack for the sum claimed and he has appealed to this court.

The recital in the deed is to be regarded as an acknowledgment of the receipt of the three hundred dollars, the language imports that and nothing more. But such an acknowledgment as has often been held by this court, is only prima facie and not conclusive evidence of payment. To overturn that presumption, however, the evidence should be clear and satisfactory that the money had not been paid.

In the present case three witnesses testify that appellant stated to them that he had not paid the money and promised that he would pay it, and a fourth says in a conversation with appellant, he said he would settle the claim, and in corroboration of that position it is

shown that no money was paid when the deed was executed and acknowledged, and appellant gives no account of how or when he made the payment.

Admissions and confessions are not the weakest and most unreliable evidence, as counsel for appellant insists, known to the law; it is only the evidence of such admissions that is weak; but confessions, or admissions for themselves, are the strongest evidence against the party making them when they are clearly established.

We are therefore satisfied that the evidence sustains the judgment, and it must be *affirmed*.

————, *for appellant*.

————, *for appellees*.